Williams, Judge,
delivered the opinion of the court:
The plaintiff, an officer in the United States Navy, seeks in this action to recover the increased rental and subsistence *114 allowances provided by section 4 of the act of June 10, 1922, 42 Stat. 625, 627, for an officer on account of a dependent mother:
“ Sec. 4. That the term ‘ dependent as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
In the petition claim is made for $860.00, representing increased rental allowance received during the period July 1, 1922, to March 31, 1923, and for $328.80, representing increased subsistence allowance received during the period July 1, 1922, to March 31, 1923, which sums were subsequently, during the months of July and August 1923, checked against his pay and refunded by plaintiíf; also for increased rental allowances from April 1, 1923, to December 16, 1924, and for the increased subsistence allowances from December 1, 1923, to December 16, 1924; also increased subsistence allowances for the period April 1, 1923, to July 1, 1923.
The plaintiff in the reply brief on remand limits his demands to the following claims:
(1) Dependency allowances paid him from July 1, 1922, to March 31, 1923, which were subsequently checked against him and refunded_ $688. 80
(2) Increased rental allowances from December 1, 1923, to February 16, 1924, two and one-half months at $100 per month_,_ 250. 00
(3) Increased subsistence allowances for the period from December 1, 1923, to December 15, 1924_ 456.00
Total_ 1,394.80
Plaintiff having thus limited his demands it is necessary only to consider the three items of the claim above stated.
The facts disclosed by the findings clearly establish the dependency of the plaintiff’s mother on him for her chief support within the meaning of the statute. She was 61 years of age on July 1, 1922. She had no property of any kind, either real or personal, and at no time during the period of the claim had any income other than the contributions ,of the plaintiff, except about $80 contributed to her by *115 a married, daughter. This daughter had no independent income of her own and was not financially able to render any material assistance to her mother. Because of her age the mother was not able to engage in any remunerative occupation. Had it not been for the generous contributions made to her by the plaintiff, which ranged from $80 a month and upwards, from 1916 to December 1924, the mother would have been absolutely destitute and would have been dependent upon the charity of others for the ordinary necessities .of life.
It is clear that the plaintiff is entitled to recover the increased rental allowance for the period from December 1, 1923, to February 16, 1924, amounting to $250.00 and the increased subsistence allowance for the period from December 1, 1923, to December 15, 1924, amounting to $456.00, or a total of $706.00.
The claim for $688.80 representing increased rental and subsistence allowances received by the plaintiff for the period from July 1, 1922, to March 31, 1923, subsequently checked against his pay .and refunded, is based on the act of May 26,1926, 44 Stat. 654. The effect of this act was to validate payments by disbursing officers made in good faith prior to July 1, 1923, of commutation of light, heat, and quarters under the act of April 16, 1918, 40 Stat. 530, because of a dependent parent, and rental and subsistence allowances under the act of June 10, 1922, 42 Stat. 625, because of a dependent mother. It was provided that where the payee responded to a needy family condition in an amount at least equal to the allowances obtained by him, no collection shall be made on account of payment of the allowances to him prior to July 1, 1923, and that amounts theretofore collected as refund of the allowances obtained in such cases prior to that date should be refunded. This proviso, however, was made inapplicable where the payee had (1) admitted there was no dependency on him, or (2) where he had refused to furnish evidence of dependency, or (3) where the payee hád voluntarily refunded the payments in whole or in part, or (4) where the payee had submitted no claim for the allowances in the nature of a protest against offset of his pay as refund of the payments.
*116 The plaintiff during the period from July 1, 1922, to-March 31, 1923, responded to a needy family condition in an amount at least equal to the allowances obtained by him for the said period, and is entitled to recover the same unless he is precluded therefrom by conditions that exempt him from the application of the act. The facts disclose: (1) that the plaintiff at no time admitted that his mother was not dependent on him, (2) that he did not refuse to furnish evidence of her dependency, and (3) that he did not voluntarily refund the allowances received by him, either in whole or in part. He did not, however, after the allowances had been checked against his pay and refunded, submit a “ claim for such allowances in the nature of a protest, against offset of his pay as a refund of the payments.” He' submitted a claim after that time for increased rental allowance for the period from July 1, 1923, to July 11, 1923, on, account of the dependency of his mother, but did not at that time or at any time submit to the Comptroller General a protest against the checking of the allowances received by him for the period July 1, 1922, to March 31, 1923, against his pay and made no claim that the allowances thus refunded' be restored to him.
The act, in our opinion, clearly requires a claimant, seeking the benefit of its provisions, to submit a claim for the-refunded allowances after they have been checked against, his pay, and the claim must be in the nature of a protest against the offset of his pay as a refund of the allowances. In Halloran v. United States, 69 C.Cls. 59, cited by plaintiff,, the claimant “ promptly submitted to the Comptroller General evidence of dependency and protested against the check-age * * It was conceded that the plaintiff in the-Scdloran case had, subsequent to the checkage against his-pay, made a proper claim amounting to a protest against the checkage, the sole issue presented being whether the claimant had, in fact, made payments during the period' involved equal to the allowances obtained by him. That case is not in point here where plaintiff failed to make claim: for the refunded allowances subsequent to the date they were checked against his pay, and prior to the effective date-of the act.
*117 While the act of May 26, 1926, is remedial in its nature and should be construed liberally in favor of the plaintiff, he must bring himself fairly within the requirements of the act to avail himself of its benefits. One of these requirements is that he had submitted a claim for the refunded allowances in the nature of a protest against the offset of his pay as refund of the payments. Having failed to do this, he does not come within the terms of the act, and cannot recover the allowances claimed. It is immaterial that plaintiff had, prior to the checkage of the allowances against his pay, furnished the Comptroller General proof as to the dependency of his mother, and that he protested the check-age to the paymaster at Great Lakes, where he was then stationed. The claim, amounting to a protest contemplated by the act of May 26, 1926, must be submitted to the Comptroller General, the officer charged with authority to allow or disallow the claim.
The act of May 26, 1926, not being applicable, and the claim for the $688.80 representing allowances received by him prior to July 1, 1923, being otherwise barred by the statute of limitations, the plaintiff is not entitled to recover as to this item of the claim.
Judgment is awarded the plaintiff in the sum of $706.00. It is so ordered.
Whaley, Judge; LittletoN, Judge; and Green, Judge, concur.
Booth, Chief Justice, did not hear this case, on account of illness, and took no part in its decision.